LeBLANC, Judge.
This appeal involves a Motion For Release of Funds For Attorney’s Fees filed by Nathan S. Fisher on behalf of the movant, John M. Eicher, Jr. In this motion, Fisher requested that the trial court order Frederick S. Ellis, in his capacity as Liquidator Ad Hoc of Champion Insurance Company (Liquidator), to pay to Nathan S. Fisher the sum of $48,406.25 as compensation for legal representation of John M. Eicher, Jr. To support his claim for attorney’s fees, Fisher alleged he performed various legal services on behalf of John Eicher, Jr., in civil and criminal matters between October of 1989 and November of 1990. A hearing was held regarding this motion on December 14, 1990, and the matter was submitted to the trial court.[1] On February 21, 1991, judgment was rendered by the district court ordering the liquidator to pay to Fisher the sum of $48,406.25.[2] The Liquidator devolutively appealed the trial court’s judgment.
On appeal, the Liquidator contends 1) that the trial court erred in construing previous orders of the Louisiana Supreme Court as requiring the Liquidator to pay the attorney’s fees incurred by John Eicher, Jr., in defense of various criminal prosecutions and 2) in the alternative, the trial court erred in ordering the Liquidator to pay the attorney’s fees incurred by John Eicher, Jr., since all payments should be in accordance with the priority for payment set forth in La.R.S. 22:746; i.e., if corporate funds are to be used to pay Fisher’s claim for attorney’s fees, this claim should not be paid ahead of the claims of other creditors of Champion Insurance Company (Champion).
Appellee, John M. Eicher, Jr., contends that the trial court’s actions are supported by previous orders of the Louisiana Supreme Court. The record establishes that Naaman Eicher filed a Motion For Permission to Expend Personal Funds on March 2, 1990. Therein, he asked the trial court to authorize his expenditure of certain bearer bonds which he alleged were personally owned by him and his wife and had been purchased with the proceeds of a mortgage on their residence. Naaman Eicher requested court approval to use these funds to pay attorney’s fees, as well as a number of other personal expenses. A month later, Eicher supplemented and amended his motion seeking additional funds for legal fees and requesting court approval to loan funds to John Eicher, Jr., and other family members for legal fees. The trial court denied Naaman Eicher’s motion. Although this court denied Naaman Eicher’s writ application in this matter, [docket no. 90CW0641], the Louisiana Supreme Court, by order dated June 29, 1990, [docket no. 90-CC-1441], granted Naaman Eicher’s writ application and ordered the trial court “to provide relator [Naaman Eicher] with reasonable sums from the mortgage funds for legal and living expenses.” The supreme court granted a rehearing in this matter on July 12, 1990, and amended the previous order in a per curiam opinion which stated, in pertinent part: “This Court’s previous order is amended to provide that the trial court shall furnish relator from the mortgage funds under seizure amounts necessary to pay reasonable attorney’s fees for relator’s [Naaman Eicher’s] *896 defense in the criminal prosecutions pending against him.”
In response to the Liquidator’s arguments on appeal, John Eicher, Jr., contends that the trial court correctly construed the supreme court’s June 29, 1990, and July 12, 1990 orders and that the trial court’s award in favor of Nathan Fisher is proper. John Eicher, Jr., contends that the assets of Champion need not be affected by his request for the release of funds to pay attorney’s fees. He claims that the attorney’s fees can be paid out of funds which are the personal property of his son, Naaman Eicher, based on the above-mentioned orders of the supreme court.
Although the June 29, 1990, and July 12, 1990 orders of the supreme court do not pertain to the motion presently being considered, we do agree that these orders would support a judgment of the trial court authorizing the use of personal funds to pay for attorney’s fees incurred by that individual. However, in the instant case, the record does not establish or even allege that John Eicher, Jr., owns personal funds which could be released by the liquidator to pay his attorney’s fees. Although John Eicher, Jr., contends that Naaman Eicher owns sufficient personal funds which could be released by the liquidator to pay the attorney’s fees at issue herein, the record does not establish that Naaman Eicher consented to his own personal funds being used in this manner at the time of the hearing in this matter. Even if that fact were proven, however, the record does not establish that Naaman Eicher owns sufficient funds to pay the attorney’s fees sought by Fisher in this matter.[3]
In the alternative, John Eicher, Jr., argues that the orders of the Louisiana Supreme Court in a related matter support the trial court’s judgment in favor of Fisher, even if the Eichers have insufficient personal funds to pay Fisher’s attorney’s fees. The orders referred to by John Eicher, Jr., were issued by the supreme court on July 12, 1990, and on October 5, 1990 [docket no. 90-CC-1256]. This matter is referred to by John Eicher, Jr., as the “Boellert writ”. Karl E. Boellert represented Champion, its corporate affiliates and other individual defendants in civil proceedings pertaining to the liquidation of Champion. See, Green v. Champion Ins. Co., 577 So.2d 249 (La.App. 1st Cir.), writ denied, 580 So.2d 668 (1991).
In addition to representing these defendants in appellate proceedings before this court, Boellert sought writs with this court and subsequently with the supreme court on behalf of these defendants. The supreme court issued the orders referred to above (dated July 12, 1990 and October 5, 1990) with respect to an application filed by Boellert, wherein he apparently sought release of corporate funds for the payment of his attorney’s fees which had accrued with respect to this civil litigation. Although that particular writ application is not in the record before this court, the general nature of the litigation involved and the relief sought therein can be ascertained from a review of the previous opinion of this court in Green, 577 So.2d 249. On January 26, 1990, the trial court had entered judgment in favor of the Liquidator and against Champion, the other corporate defendants and the individual defendants involved in the litigation. The trial court ordered an accounting, issued a permanent injunction (enjoining all defendants from disposing of the corporate assets and all individual defendants from spending their own funds in excess of $10,000.00 without court approval) and declared that the corporate defendants constituted a “single business enterprise”, thereby enabling the Liquidator to assert control over the assets of all of the corporate defendants.
*897 In response to the writ application filed by Boellert, the supreme court rendered an order, dated July 12, 1990, which included the following pertinent language:
The trial court is ordered to furnish rela-tors, from the impounded assets nominally owned by them, sums necessary to pay reasonable attorneys’ fees in connection with relators’ appeals from the January 26, 1990 judgment herein.
In response to this order, the trial court rendered a judgment on September 20, 1990, which modified the previous injunction issued by the trial court to allow that “[attorney's fees in the amount of $12,-412.50 may be paid to Karl E. Boellert to prosecute the single business enterprise appeal. Each client still represented by counsel in the Appellate Court is permitted to pay only his virile share of this total.” Subsequently, the supreme court issued an amending order on October 5, 1990, which stated, in pertinent part:
The order of this court dated July 12, 1990 is amended as follows:
The judgment of the trial court signed September 20, 1990 is vacated and set aside. The trial court is now ordered to immediately cause the liquidator ad hoc to provide for the payment of attorney fees and expenses in the amount of $34,-143.01. The payment shall be made from any and all funds or assets impounded by the liquidator ad hoc without regard to the virile portion of the several relators. Relators rights are reserved to move for future attorney fees and expenses as incurred for all aspects of counsel’s representation of relators in the various courts in this state as regards the pending litigation. In all other respects, this court’s order of July 12, 1990 shall remain in force and effect.
After reviewing the scant evidence in the record presently being considered, we cannot conclude that the supreme court orders regarding the Boellert writ necessarily support a finding that assets of Champion should be released to pay attorney’s fees incurred personally by John Eicher, Jr., with respect to criminal and/or civil matters.[4] Although the supreme court did not provide reasons to support its orders that corporate funds be released to pay Boel-lert’s attorney’s fees, we surmise that such action was taken because Boellert’s legal services, in large part, were performed on behalf of the corporate defendants involved in the Champion liquidation. Thus, since legal services were provided to the corporations by Boellert, payment for these services from corporate funds was logical.
However, in the present case, there is no evidence to establish that any of the legal services provided by Fisher have benefitted any of the corporate defendants involved in the Champion liquidation. In the absence of this showing, we see no significant analogy between the present claim for attorney’s fees and the claim considered by the supreme court with respect to the Boel-lert writ.
For the above reasons, we agree with the Liquidator that the previous orders of the supreme court do not support the trial court’s judgment in favor of Fisher. Additionally, we are not aware of any other statutory or jurisprudential authority which would support Fisher’s request for the release of funds to pay attorney fees.[5]
*898 Based on the record presented to this court, we find the trial court’s judgment ordering the Liquidator to release attorney’s fees to Nathan S. Fisher to be improper. Accordingly, we reverse the judgment of the trial court. All costs imposed by this court and by the trial court are to be paid by movant-appellee, John M. Eicher, Jr.
REVERSED.

. The record does not contain a transcript of the court hearing. However, the minutes do not indicate that any evidence was submitted to the court or that any witnesses were called to testify in this matter.

. A previous order of the trial court dated July 23, 1990, included the following language:
... the Louisiana Supreme Court has instructed this Court to release certain additional ‘reasonable attorney's fees’ to the attorney’s [sic] representing the Eichers in criminal prosecutions which are pending against them in several courts. This Court will call on the attorneys for these parties to file an appropriate motion and rule to set and release additional attorney’s fees pursuant to the Louisiana Supreme Court’s order which this Court considers binding. The only matter left for this court to determine would be what is ‘reasonable additional attorney's fees.'
The remaining language of the trial court’s order does not clarify which order or orders of the Supreme Court were being considered by the trial court.

. John Eicher, Jr., contends that the balance of the funds from Naaman Eicher’s bonds is sufficient to pay the attorney’s fees sought by Fisher. However, the Liquidator contends that these bonds have been transferred to the Liquidator by Naaman and Tina Eicher pursuant to a settlement and compromise agreement executed on August 2, 1990 and, thus, the bonds are no longer owned by Naaman and Tina Eicher. From the record in this matter, we note that John Eicher, Jr., and the Liquidator are apparently addressing the same bonds regarding their respective claims. However, based on the record before this court, we cannot make this determination with certainty.

. Although the appellate briefs in this matter focus on attorney’s fees incurred by John Eicher, Jr., with respect to criminal matters, Eicher’s Motion for Release of Funds for Attorney’s Fees states that Fisher represented Eicher in both civil and criminal matters.

. We recognize that La.R.S. 12:83 A(l) provides: A corporation may indemnify any person who was or is a party ... to any action, suit or proceeding, whether civil, [or] criminal ... by reason of the fact that he is or was a director, officer, employee, or agent of the corporation ... against expenses, including attorneys' fees ... reasonably incurred by him in connection with such action, suit, or proceeding if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful.
In the present case, John Eicher, Jr., has not established that the attorney’s fees at issue in this matter were incurred by him in the defense of actions such as those described in this statute. Thus, we do not find that this statute provides any support for the trial court’s judgment in favor of Fisher.